**FILED**
**MAY 2, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE MAROVICH**
**MAGISTRATE JUDGE ASHMAN**

| | |
|---|---|
| SABRINA LEWIS, as Special Administrator of the Estate of JACQUELINE LEWIS, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PAULINA KUCHINIC, M.D., GRETA IVERS, M.D., MT. SINAI HOSPITAL, a not-for-profit Corporation, | ) ) ) ) |
| Defendants. | ) ) |

**07 C 2457**

**WAH**
Formerly case No. 06 L 10449
Circuit Court of Cook County, Illinois

### NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To: Clerk of the Court
Circuit Court of Cook County
Richard J. Daley Center, Room 801
50 West Washington Street
Chicago, Illinois 60602

Albert Brooks Friedman
Albert Brooks Friedman, Ltd.
161 North Clark Street, Suite 2575
Chicago, IL 60601
Attorney for Plaintiff

Anderson Rasor & Partners
55 East Monroe Street, #3650
Chicago, IL 60603
Attorney for defendants Kuchinic and Mt. Sinai Hospital

Take notice that the United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, has hereby caused the removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679, and the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233. In support of this removal, the United States states as follows:

1. On October 4, 2006, plaintiff Sabrina Lewis commenced the above civil action seeking damages for the alleged medical negligence on the part of defendants resulting in the death of Jacqueline Lewis on October 4, 2004. A copy of the state court complaint is attached as Exhibit A.

2. This notice of removal of this civil action from state court to federal court is made in accordance with the FTCA, 28 U.S.C. § 2679(d)(2), and the FSHCAA, 42 U.S.C. § 233, upon certification by the designee of the Attorney General of the United States that defendant Greta Ivers, M.D., was acting within the scope of her employment as a federal government employee by virtue of her employment with Access Community Health Network to perform medical services at the time of the incidents out of which the claim arose. A copy of the certification is attached as Exhibit B.

3. At all relevant times, Access Community Health Network (formerly known as Sinai Family Health Centers) is a private entity that receives grant money from the Public Health Service pursuant to the FSHCAA, 42 U.S.C. § 233.

4. This removal notice does not waive any defenses the United States may have to the underlying cause and the United States expressly reserves any and all defenses it may have. This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

5. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679 and 42 U.S.C. § 233(c), this civil action is deemed a tort action against the United States and the United States is substituted as the sole federal party defendant in place of defendant Greta Ivers, M.D.

WHEREFORE, this action, now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court, and the United States is to be substituted as the defendant in lieu of Greta Ivers, M.D.

                                          Respectfully submitted,

                                          PATRICK J. FITZGERALD
                                          United States Attorney

                                          By: s/JACK DONATELLI
                                                Assistant United States Attorney
                                                219 South Dearborn Street
                                                Chicago, Illinois 60604
                                                (312) 353-4220

## CERTIFICATE OF SERVICE

JACK DONATELLI hereby certifies that, in accordance with Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

was served pursuant to the district court's ECF system as to ECF filers and sent by first class mail on May 2, 2007 to the following:

To: Clerk of the Court
Circuit Court of Cook County
Richard J. Daley Center, Room 801
50 West Washington Street
Chicago, Illinois 60602

Albert Brooks Friedman
Albert Brooks Friedman, Ltd.
161 North Clark Street, Suite 2575
Chicago, IL 60601
Attorney for Plaintiff

Anderson Rasor & Partners
55 East Monroe Street, #3650
Chicago, IL 60603
Attorney for defendants Kuchinic and Mt. Sinai Hospital

s/ Jack Donatelli
Assistant United States Attorney

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT- LAW DIVISION

SABRINA LEWIS, as Special )
Administrator of the Estate of )
JACQUELINE LEWIS, deceased, )
)
      Plaintiff, )  No.
v. )
)
PAULINA KUCHINIC, M.D., )
GRETA IVERS, M.D., and )
MT. SINAI HOSPITAL, a-not-for )
profit Corporation. )
)
      Defendant, )

## COMPLAINT AT LAW

### COUNT I
### NEGLIGENCE- WRONGFUL DEATH
### PAULINA KUCHINIC, M.D.

Now comes the Plaintiff, Sabrina Lewis, as Special Administrator of the Estate of Jacqueline Lewis, deceased, by and through her attorney, Albert Brooks Friedman, Ltd., complaining of Defendants, Paulina Kuchinic, M.D., Greta Ivers, M.D., and Mt. Sinai Hospital states as follows:

    1.    That Plaintiff was a patient of Mt. Sinai hospital, and was diagnosed with shortness of breath, end stage renal disease, and cardiac problems.

    2.    That Defendant Paulina Kuchinic, M.D., was negligent in her failure to order an angiogram and complete cardiac workup.

    3.    That on October 4, 2004, Plaintiff presented herself at the Emergency Room at Mt. Sinai hospital complaining of leg pain and was placed in the care of Paulina Kuchinic, M.D.

    4.    That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

    5.    That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to equalize Plaintiff's electrolyte imbalance.


GOVERNMENT EXHIBIT A

6. That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to compensate for and correct Plaintiff's insulin overdose.

7. That Defendant, Paulina Kuchinic, M.D., was negligent in that she administered an overdose of IV opiate pain killers which along with the aforestated acts of negligence caused or contributed to the respitory failure and death of the Plaintiff.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Paulina Kuchinic, M.D., in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

## COUNT II
## NEGLIGENCE- WRONGFUL DEATH
## GRETA IVERS, M.D.

8. That Plaintiff was a patient of Mt. Sinai hospital, and was diagnosed with shortness of breath, end stage renal disease, and cardiac problems.

9. That Defendant Greta Ivers, M.D., was negligent in her failure to order an angiogram and complete cardiac workup.

10. That on October 4, 2004, Plaintiff presented herself at the Emergency Room at Mt. Sinai hospital complaining of leg pain and was placed in the care of Greta Ivers, M.D.

11. That Defendant, Greta Ivers, M.D., was negligent in that she failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

12. That Defendant, Greta Ivers, M.D., was negligent in that she failed to equalize Plaintiff's electrolyte imbalance.

13. That Defendant, Great Ivers, M.D., was negligent in that she failed to compensate for and correct Plaintiff's insulin overdose.

14. That Defendant, Greta Ivers, M.D., was negligent in that she administered an overdose of IV opiate pain killers which along with the aforestated acts of negligence caused or contributed to the respitory failure and death of the Plaintiff.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Greta Ivers, M.D., in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

## COUNT III
## NEGLIGENCE- WRONGFUL DEATH
## MT. SINAI HOSPITAL

15. That the Defendant, Mt. Sinai Hospital, was a not for corporation when the Plaintiff's decedent, Jacqueline Lewis was a patient on October 4, 2004.

16. That Plaintiff was a patient of Mt. Sinai hospital, and was diagnosed with shortness of breath, end stage renal disease, and cardiac problems.

17. That Defendant Mt. Sinai Hospital, was negligent in that their employee Doctor's failed to order an angiogram and complete cardiac workup.

18. That on October 4, 2004, Plaintiff presented herself at the Emergency Room at Mt. Sinai hospital complaining of leg pain and was placed in the care of Defendant's employees.

19. That Defendant's employees were negligent in that they failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

20. That Defendants employees were negligent in that they failed to equalize Plaintiff's electrolyte imbalance.

21. That Defendants employees were negligent in that they failed to compensate for and correct Plaintiff's insulin overdose.

22. That Defendants employees were negligent in that they administered an overdose of IV opiate pain killers which along with the aforestated acts of negligence caused or contributed to the respitory failure and death of the Plaintiff.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Mt. Sinai Hospital, in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

## COUNT IV
## SURVIVAL ACTION
## PAULINA KUCHINIC, M.D.

Now comes the Plaintiff, Sabrina Lewis, as Special Administrator of the Estate of Jacqueline Lewis, deceased, by and through her attorney, Albert Brooks Friedman, Ltd.,

complaining of Defendants, Paulina Kuchinic, M.D., Greta Ivers, M.D., and Mt. Sinai Hospital states as follows:

23. That Defendant Paulina Kuchinic, M.D., was negligent in her failure to order an angiogram and complete cardiac workup.

24. That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

25. That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to equalize Plaintiff's electrolyte imbalance.

26. That Defendant, Paulina Kuchinic, M.D., was negligent in that she failed to compensate for and correct Plaintiff's insulin overdose.

27. That Defendant, Paulina Kuchinic, M.D., was negligent in that she administered an overdose of IV opiate pain killers which was a direct and proximate cause to the respitory failure and death of the Plaintiff.

28. As a further and direct result of one or more of the foregoing negligent acts on behalf of Defendant herein, Jacqueline Lewis, did experience conscious pain, suffering and disability from the time of the hospitalization to the time of death on October 4, 2006.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Paulina Kuchinic, M.D., in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

### COUNT V
### SURVIVAL ACTION
### GRETA IVERS, M.D.

29. That Defendant Greta Ivers, M.D., was negligent in her failure to order an angiogram and complete cardiac workup.

31. That Defendant, Greta Ivers, M.D., was negligent in that she failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

32. That Defendant, Greta Ivers, M.D., was negligent in that she failed to equalize Plaintiff's electrolyte imbalance.

33. That Defendant, Great Ivers, M.D., was negligent in that she failed to compensate for and correct Plaintiff's insulin overdose.

34. That Defendant, Greta Ivers, M.D., was negligent in that she administered an overdose of IV opiate pain killers which was a direct and proximate cause to the respitory failure and death of the Plaintiff.

35. As a further and direct result of one or more of the foregoing negligent acts on behalf of Defendant herein, Jacqueline Lewis, did experience conscious pain, suffering and disability from the time of the hospitalization to the time of death on October 4, 2006.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Greta Ivers, M.D., in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

## COUNT VI
## SURVIVAL ACTION
## MT. SINAI HOSPITAL

36. That the Defendant, Mt. Sinai Hospital, was a not for corporation when the Plaintiff's decedent, Jacqueline Lewis was a patient on October 4, 2004.

37. That Defendant Mt. Sinai Hospital, was negligent in that their employee Doctor's failed to order an angiogram and complete cardiac workup.

38. That on October 4, 2004, Plaintiff presented herself at the Emergency Room at Mt. Sinai hospital complaining of leg pain and was placed in the care of Defendant's employees.

39. That Defendant's employees were negligent in that they failed to order additional blood to be drawn from the Plaintiff as the first specimen had hemolized and was no longer viable to run tests on.

40. That Defendants employees were negligent in that they failed to equalize Plaintiff's electrolyte imbalance.

41. That Defendants employees were negligent in that they failed to compensate for and correct Plaintiff's insulin overdose.

42. That Defendants employees were negligent in that they administered an overdose of IV opiate pain killers which was a direct and proximate cause to the respitory failure and death of the Plaintiff.

43. As a further and direct result of one or more of the foregoing negligent acts on behalf of Defendant herein, Jacqueline Lewis, did experience conscious pain, suffering and disability from the time of the hospitalization to the time of death on October 4, 2006.

WHEREFORE Plaintiff, Sabrina Lewis, as the Special Administrator of the Estate of, Jacqueline Lewis, deceased, requests judgment against the Defendant, Mt. Sinai Hospital, in excess of Fifty Thousand ($50,000.00) Dollars, plus the cost of this cause of action.

Respectfully submitted,
Sabrina Lewis, as Special
Administrator of the Estate of,
Jacqueline Lewis, deceased.

Albert Brooks Friedman

Albert Brooks Friedman, Ltd. (23518)
Attorneys for Plaintiff
161 N. Clark St., Suite 2575
Chicago, Illinois 60601
Telephone: (312) 782-0282
Facsimile: (312) 704-4496

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served by Publication | 2421-Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |

Rev. 3/21/95) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SABRINA LEWIS, as Special Administrator )
of the Estate of JACQUELINE LEWIS, )
)
)
)
Plaintiff, )
)
vs. ) No. 06 L 10449
)
PAULINA KUCHINIC, M.D., ) PLEASE SERVE:
GRETA IVERS, M.D., and MT. SINAI ) GRETA IVERS, M.D.
HOSPITAL a non-for-profit Corporation ) Access at the Eye Institue
Defendant. ) 3241 South Michigan Avenue
) Chicago, Illinois 60616

## ALIAS SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located at the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service, IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, the summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

There will be a fee of $140.00 to file your Appearance or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

WITNESS: FEB 0 8 2007 _____, 2007

Clerk of the Court

Name: **Albert Brooks Friedman, Ltd.**
Attorney Code: 23518
Attorney: Plaintiff
Address: 161 N. Clark, Suite 2575
City: Chicago, Illinois 60601
Telephone: (312) 782-0282
Facsimile: (312) 704-4496

Date of service: 2 26 _____, 2007
(To be inserted by officer on copy left with defendant or other person)

** Service by Facsimile Transmission will be accepted at   (312) 704-4496

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served by Publication | 2421-Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |

Rev. 3/21/95) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SABRINA LEWIS, as Special Administrator )
of the Estate of JACQUELINE LEWIS, )
)
)
Plaintiff, )
)
vs. )  No. 06 L 10449
)
PAULINA KUCHINIC, M.D., )  PLEASE SERVE:
GRETA IVERS, M.D., and MT. SINAI )  GRETA IVERS, M.D.
HOSPITAL a non-for- profit Corporation )  Access at the Eye Institue
Defendant. )  3241 South Michigan Avenue
Chicago, Illinois 60616

### ALIAS SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located at the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service, IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, the summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

There will be a fee of $140.00 to file your Appearance or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

WITNESS: FEB 0 8 2007 , 2007

Clerk of the Court

Name: **Albert Brooks Friedman, Ltd.**
Attorney Code: 23518
Attorney: Plaintiff
Address: 161 N. Clark, Suite 2575
City: Chicago, Illinois 60601
Telephone: (312) 782-0282
Facsimile: (312) 704-4496

Date of service: 2|26 , 2007
(To be inserted by officer on copy left with defendant or other person)

** Service by Facsimile Transmission will be accepted at  (312) 704-4496

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the first amended complaint in *Sabrina Lewis, as Special Administrator of the Estate of Jacqueline Lewis, v. Paulina Kuchinic, M.D., Greta Ivers, M.D., and Mt. Sinai Hospital*, No. 06 L 10449 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Greta Ivers, M.D., was acting within the scope of her employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Greta Ivers, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

            _____
            THOMAS P. WALSH
            Chief, Civil Division
            Office of the United States Attorney
              for the Northern District of Illinois

Date: April 25, 2007

GOVERNMENT EXHIBIT B