UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA LEWIS, as Special Administrator of the Estate of JACQUELINE LEWIS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07 C 2457 ) ) Judge George M. Marovich ) |
| PAULINA KUCHINIC, M.D. GRETA IVERS, M.D., and MT. SINAI HOSPITAL | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sabrina Lewis ("Lewis") filed in the Circuit Court of Cook County a complaint against defendants Paulina Kuchinic, M.D. ("Dr. Kuchinic"), Greta Ivers, M.D. ("Dr. Ivers") and Mt. Sinai Hospital. In her complaint, plaintiff alleged that defendants were negligent with respect to actions that led to the death of her sister, Jacqueline Lewis. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679, and the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, the United States removed the case to this Court and substituted itself for Dr. Ivers as a defendant. Before the Court is the United States' motion to dismiss plaintiff's claims against it for failure to exhaust administrative remedies. For the reasons set forth below, the Court grants the motion.

**I.    Background**

The Court takes as true the allegations in the complaint plaintiff filed in the Circuit Court of Cook County. Plaintiff alleges that doctors at Mt. Sinai Hospital had, at some point, diagnosed Jacqueline Lewis with shortness of breath, end-stage renal disease and cardiac problems. Drs. Ivers and Kuchinic had not, however, ordered an angiogram or complete cardiac work-up for Jacqueline Lewis.

On October 4, 2004, Jacqueline Lewis arrived at the emergency room at Mt. Sinai Hospital, where she complained of leg pain. Drs. Ivers and Kuchinic were assigned to care for Jacqueline Lewis. According to the complaint, the doctors were negligent in a number of respects, including that they failed to order an additional blood draw after the first specimen hemolyzed, that they failed to correct Jacqueline Lewis's insulin overdose and that they gave her an overdose of opiates. These failures allegedly led to Jacqueline Lewis's death. Finally, plaintiff alleges that defendant Mt. Sinai Hospital is vicariously liable for the actions of its employees in connection with Jacqueline Lewis's death.

Plaintiff does not allege that the parties are completely diverse or that the matter in controversy is greater than $75,000.00.

When the United States removed the case to this Court, it included a certification signed by Thomas P. Walsh ("Walsh"), the Chief of the Civil Division of the Office of the United States Attorney for the Northern District of Illinois. In the certification, Walsh stated that he was making the certification based on the authority delegated to him by the Attorney General under 28 U.S.C. § 15.4 and through the United States Attorney for the Northern District of Illinois. He also certified, among other things:

> On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money

from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Greta Ivers, M.D., was acting within the scope of her employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Greta Ivers, M.D. is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Nowhere in plaintiff's complaint does she allege that she exhausted her administrative remedies. The United States has put forth evidence that plaintiff did not exhaust her administrative remedies.

## II. Discussion

The Federal Employees Liability Reform and Tort Compensation Act of 1988, often called the Westfall Act, grants federal employees absolute immunity from common-law tort claims arising out of acts undertaken in the course of their employment. *See* 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 127 S.Ct. 881, 887 (2007); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007). As the Seventh Circuit has summarized:

> When a federal employee is sued, the Westfall Act empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. 28 U.S.C. § 2679(d)(1), (2). If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee. 28 U.S.C. § 2679(d)(1). Thereafter, the lawsuit is governed by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et seq.* If the action was filed in state court, the case must be removed to federal court. 28 U.S.C. § 2679(d)(2). The 'certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." *Id.*

*Alexander*, 484 F.3d at 891.

Similarly, the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233, "allows the government to remove from state court a medical malpractice action filed

-3-

against a physician who is 'deemed' to be a federal employee." *Alexander*, 484 F.3d at 891.

Once again, the Seventh Circuit has succinctly summarized how such matters proceed:

> A physician who is employed by or is a contractor for a federally funded health center may be deemed by the government to be an employee of the Public Health Service if a number of conditions are met. *See* 42 U.S.C. § 233(h). Once a physician has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted as the defendant and the FTCA provides the exclusive remedy for the physician's negligence. *See* 42 U.S.C. § 233(c), (g). Moreover, once the Secretary deems a physician to be an employee of the Public Health Service, 'the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.' 42 U.S.C. § 233(g)(1)(F).

*Alexander*, 484 F.3d at 891-892.

As was the case in *Alexander*, here, the Attorney General's delegate has certified that during the relevant time period, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. He also certified that Dr. Ivers was acting within the scope of her employment with Access Community Health Network with respect to allegations in plaintiff's complaint. Accordingly, the delegate certified that Dr. Ivers is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233. That determination is final and binding. 42 U.S.C. § 233(g)(1)(F).

The upshot of the final and binding determination that Dr. Ivers was acting within the scope of her employment is that the United States is substituted for Dr. Ivers as a defendant and that the claim that was filed against Dr. Ivers (and is now against the United States) proceeds as a claim under the Federal Tort Claims Act. *See* 42 U.S.C. § 233(c), (g); *Alexander*, 484 F.3d at 891. Accordingly, the United States is substituted as a defendant in place of Dr. Ivers, and all claims against Dr. Ivers are dismissed with prejudice.

Plaintiff's claim against the United States under the Federal Tort Claims Act runs into an immediate problem, which brings the Court to the government's motion to dismiss. As the government points out, in order to file a claim under the Federal Tort Claims Act, one must first make an administrative claim. *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) (citing 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993)). The Federal Tort Claims Act provides that "[a] tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal Agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Plaintiff has failed to allege that she exhausted her administrative remedies, and the United States has put forth evidence that she did not, in fact, exhaust her administrative remedies. Because more than two years have passed since Jacqueline Lewis's death, it is too late for plaintiff to exhaust her administrative remedies. Accordingly, the Court dismisses with prejudice plaintiff's claim against the United States. *See Sobitan v. Glud*, Case No. 06 C 5366, 2007 WL 2608828 at *3 (N.D. Ill. Sept. 4, 2007); *Boutte v. Chao*, Case No. 05 C 7305, 2007 WL 257627 at *2 (N.D. Ill. Jan. 23, 2007).

The two remaining claims are state-law claims, and the parties are not completely diverse. The Supreme Court has concluded that after dismissing a claim under the Westfall Act, a federal court has discretion, consistent with Article III of the United States Constitution, to retain jurisdiction over the remaining state-law claims. *Osborn v. Haley*, 127 S.Ct. 881, 896 (2007). It is the practice of this Court (and this Circuit), however, to decline to exercise jurisdiction over state-law claims that remain after the Court has disposed of all federal claims. *See* 28 U.S.C. § 1367(c)(3) (A district court may "decline to exercise supplemental jurisdiction"

over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (a district court's decision to relinquish supplemental jurisdiction is "the norm, not the exception") (quoting *Fisher v. Information Resources, Inc.*, 873 F.2d 136, 140 (7th Cir. 1989)). Accordingly, the Court remands the remainder of this case (plaintiff's claims against Dr. Kuchinic and Mt. Sinai Hospital) to the Circuit Court of Cook County.

## IV. Conclusion

For the reasons set forth above, the United States is substituted for Greta Ivers, M.D., as a defendant. The Court dismisses with prejudice plaintiff's claims against defendant Greta Ivers, M.D. The Court grants the United States' motion to dismiss and dismisses with prejudice plaintiff's claim against it. Finally, the Court remands the remainder of plaintiff's case to the Circuit Court of Cook County.

ENTER:

George M. Marovich
United States District Judge

DATED: October 10, 2007